1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ULYSSES DAVIS, JR.,

11            Plaintiff,                    No. 2:09-cv-0832 FCD KJN P

12        vs.

13   CHAPLAIN JUMAH, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding without counsel in an action brought under

17   42 U.S.C. § 1983.  On August 26, 2009, the court dismissed plaintiff's complaint with leave to

18   amend.  On September 2, 2009, plaintiff filed an amended complaint.

19            The court has reviewed plaintiff's amended complaint and, for the limited

20   purposes of § 1915A screening, finds that it states a cognizable claim against defendant Chaplain

21   Jumah.  <u>See</u> 28 U.S.C. § 1915A.  Plaintiff has a reasonable opportunity to prevail on the merits

22   of this First Amendment claim based on his contention that his request to participate in Friday

23   night prayer services was denied.

24   ////

25   ////

26   ////

1    Plaintiff, however, has failed to include any charging allegations as to defendants

2 Walker and Beoke.[1]  Accordingly, the court finds that the complaint does not state a cognizable

3 claim against defendants Walker and Beoke.  The claims against those defendants are hereby

4 dismissed with leave to amend.

5    Plaintiff may proceed forthwith to serve defendant Jumah and pursue his claims

6 against only that defendant, or he may delay serving any defendant and attempt again to state a

7 cognizable claim against defendants Walker and Beoke.

8    If plaintiff elects to attempt to amend his complaint to state a cognizable claim

9 against defendants Walker and Beoke, he has thirty days in which to file such an amended

10 complaint.  He is not obligated to amend his complaint.

11    If plaintiff elects to proceed forthwith against defendant Jumah, against whom he

12 has stated a cognizable claim for relief, then within thirty days he must return materials for

13 service of process enclosed herewith.  In that event, the court will construe plaintiff's election as

14 consent to dismissal of all claims against defendants Walker and Beoke without prejudice.

15    Any amended complaint must show:  the federal court has jurisdiction; the action

16 is brought in the right place; and plaintiff is entitled to relief if plaintiff's allegations are true.  It

17 must also contain a request for particular relief.  Plaintiff must identify as a defendant only

18 persons who personally participated in a substantial way in depriving plaintiff of a federal

19 constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects

20 another to the deprivation of a constitutional right if he does an act, participates in another's act

21 or omits to perform an act he is legally required to do that causes the alleged deprivation).  If

22

23    [1]  Plaintiff is cautioned that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a

24 named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

25 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

26 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1   plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege

2   their agreement to deprive him of a specific federal constitutional right.

3           In an amended complaint, the allegations must be set forth in numbered

4   paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

5   single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

6   transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

7   10(b).

8           A district court must construe a pro se pleading "liberally" to determine if it states

9   a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

10  an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

11  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

12  cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

13  S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

14  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

15  is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

16          A claim has facial plausibility when the plaintiff pleads factual
             content that allows the court to draw the reasonable inference that
17           the defendant is liable for the misconduct alleged. The plausibility
             standard is not akin to a "probability requirement," but it asks for
18           more than a sheer possibility that a defendant has acted unlawfully.
             Where a complaint pleads facts that are merely consistent with a
19           defendant's liability, it stops short of the line between possibility
             and plausibility of entitlement to relief.
20

21  Id. (citations and quotation marks omitted).  Although legal conclusions can provide the

22  framework of a complaint, they must be supported by factual allegations, and are not entitled to

23  the assumption of truth.  Id. at 1950.

24          An amended complaint must be complete in itself without reference to any prior

25  pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

26  files an amended complaint, the original pleading is superseded.

1        By signing a second amended complaint, plaintiff certifies he has made reasonable

2  inquiry and has evidentiary support for his allegations.  If plaintiff violates this rule, the court

3  may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

4        Accordingly, IT IS HEREBY ORDERED that:

5        1.  Claims against defendants Walker and Beoke are dismissed with leave to

6  amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt

7  to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his

8  complaint.  In the event that plaintiff chooses not to amend his complaint, the court will construe

9  plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims

10  against defendants Walker and Beoke without prejudice.

11        2.  The allegations in the pleading are sufficient at least to state a cognizable claim

12  against defendant Jumah.  See 28 U.S.C. § 1915A.  With this order, the Clerk of the Court shall

13  provide to plaintiff a blank summons, a copy of the pleading filed September 2, 2009, one

14  USM-285 form and instructions for service of process on defendant Jumah.  Within thirty days of

15  service of this order, plaintiff may return the attached Notice of Submission of Documents with

16  the completed summons, the completed USM-285 forms, and two copies of the endorsed

17  September 2, 2009 complaint.  The court will transmit them to the United States Marshal for

18  service of process pursuant to Fed. R. Civ. P. 4.  Defendant Jumah will be required to respond to

19  plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

20        3.  Failure to comply with this order will result in a recommendation that this

21  action be dismissed.

22  DATED: February 16, 2010

23

24        _____
        /s/ Kendall J. Newman
        KENDALL J. NEWMAN
25        UNITED STATES MAGISTRATE JUDGE

26  davi0832.14o

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8  ULYSSES DAVIS, Jr.

9           Plaintiff,              No. 2:09-cv-0832 FCD KJN P

10      vs.

11  CHAPLAIN JUMAH, et al.,

12           Defendants.            <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

13  _____/

14      Plaintiff hereby submits the following documents in compliance with the court's order

15  filed _____:

16           __1__          completed summons form

17           _____          completed forms USM-285

18           _____          copies of the _____
                                         Amended Complaint
19

20  Plaintiff consents to the dismissal of defendants Walker and Beoke without prejudice.

21      OR

22      _____ Plaintiff opts to file a second amended complaint and delay service of process.

23
    Dated:
24

25                              _____
                                          Plaintiff
26